UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
REN HUI HU

                Petitioner,                ORDER DISMISSING CASE
                                                          PURSUANT TO RIDA

                                                                06-CV-1877 (NGG)

    –against–

ALBERTO GONZALEZ, et al.,

                Respondents.
-------------------------------------------------------X
GARAUFIS, United States District Judge.

       Petitioner Ren Hui Hu ("Petitioner") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a final order of removal issued on November 25, 1993, and the Board of Immigration Appeals's ("BIA's") March 21, 2004 and October 12, 2004 denials of Petitioner's motion to reopen and motion to reconsider the denial of the motion to reopen, respectively. For the reasons set forth below, the petition is denied for lack of jurisdiction.

**I.    Procedural History**

       The Petitioner was born on September 30, 1972 in the Fujian province of China, and currently resides in Brooklyn, New York. (Petition for a Writ of Habeas Corpus ("Pet.'s Br."), at 8.) He moved to the United States on February 18, 2001, seeking asylum on the basis of China's "family population control" policy. (Id.) Specifically, Petitioner claimed that he feared persecution in China because he and his wife refused to submit to sterilization. (Gov't Mem. Opp. Pet. Ex. 1, at 4-5.) After a hearing before Immigration Judge Roxanne Hladylowycz ("the

IJ") in New York, on July 19, 2002 the IJ issued a decision denying Petitioner's application for asylum and for withholding of removal. (Gov. Mem. Opp. Pet., Ex. 1, at 14.) The IJ found that Petitioner's testimony of past persecution and fear of future persecution was not credible and lacked corroborating documentary evidence. (Id. at 7-13.) Furthermore, the IJ found that Petitioner's application for withholding of removal under the Torture Convention lacked merit, because the Petitioner failed to show that it was more likely than not that he would be tortured if forced to return to the People's Republic of China. (Id. at 13-14.) The IJ's decision was upheld by the Falls Church, Virginia office of the BIA on November 26, 2003. (Gov. Mem. Opp. Pet., Ex. 2, at 2.) On March 31, 2004, the BIA denied Petitioner's motion to reopen the appeal. (Gov. Mem. Opp. Pet., Ex. 3, at 2-3.) The BIA denied Petitioner's motion to reconsider on October 12, 2004. (Gov. Mem. Opp. Pet., Ex. 4, at 2.)

On April 20, 2006, the Petitioner timely filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking review of his order of removal.

## II. Discussion

### A. RIDA Requires that Petitioner's Challenge to His Final Order be Dismissed

The REAL ID Act of 2005 ("RIDA") took effect on May 11, 2005, amending the judicial review provisions of INA § 242 by adding, inter alia, the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other
> provision of law (statutory or nonstatutory), including section 2241
> of title 28, United States Code, or any other habeas corpus
> provision, and sections 1361 and 1651 of such title, a petition for
> review filed with an appropriate court of appeals in accordance
> with this section shall be the sole and exclusive means of judicial
> review of an order of removal entered or issued under any
> provision of this Act . . . .

RIDA § 106(a)(1)(B). Therefore, under RIDA, the courts of appeals have <u>exclusive</u> jurisdiction to review all administratively final orders of removal, deportation and exclusion. Pursuant to RIDA, a petition for review is properly filed "with the court of appeals for the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings," INA § 242(b)(2). As Petitioner's immigration proceeding was held in New York, this petition is properly filed in the Second Circuit Court of Appeals.

Furthermore, the appropriate action for this court is to *dismiss*, rather than to *transfer*, this petition. RIDA § 106(c) requires that a district court transfer any cases currently before it to the appropriate court of appeals:

> (c) TRANSFER OF CASES – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, *is pending in a district court on the date of the enactment of this division*, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section . . .

RIDA § 106(c) (emphasis added).

In the present case, however, transfer to the Court of Appeals for the Second Circuit is not appropriate because the petition was filed *after* the enactment date of RIDA, May 11, 2005. Accordingly, this court does not have jurisdiction pursuant to RIDA to entertain Petitioner's claim challenging his final order of removal. Therefore, the petition cannot be entertained by this court.

### III. Conclusion

For the reasons set forth above, the petitioner's 28 U.S.C. § 2241 petitioner for a writ of habeas corpus cannot be heard by this court. The petition is dismissed without prejudice and the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 21, 2006  /s/ Nicholas G. Garaufis
    Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                                                  United States District Judge